RALPH I. PICKERING *et al. vs.* JOHN R. HIGGINS, *Admr. et al.*

FEBRUARY 27, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

BAKER, J. This is a bill in equity to establish a trust by which the complainants seek to obtain, under a claim of ownership, certain moneys on deposit in a trust company. After the cause was heard on its merits in the superior court, a decree was entered by that court dismissing the bill and making certain other findings. From the entry of that decree the complainants have duly prosecuted their appeal to this court.

The material facts of the cause are largely undisputed. In so far as they are necessary for the determination of this appeal they are as follows: Olney L. Pickering, of East Blackstone, in the commonwealth of Massachusetts, on June 16, 1915 deposited in a savings bank in Woonsocket, in this state, a sum of money in the sole name of his son, J. Everett Pickering, an adult, whose whereabouts at that time was unknown. The bankbook for this account was delivered to the said Olney L. Pickering, and the evidence tends to show that thereafter it was at times in his possession and at other times was left by him at the bank for safekeeping. He made two additional deposits in this account, one in 1926 and one in 1927. There were no withdrawals from the account, and no other deposits were made except those above referred to. Interest was duly credited to the account. In December 1928 the savings bank, including its accounts and deposits, was duly taken over and absorbed by the respondent, the Rhode Island Hospital Trust Company, and thereupon the account in question was transferred to said trust company and has there remained up to the present time.

The above-named son J. Everett Pickering, who was a physician, left his home in 1911 after having been married about three years. In 1914 his wife Mildred B. Pickering, one of the respondents herein, received from him a post card mailed in France and later, in 1924, a letter written by him from an address in New York City. He died in

Brooklyn, New York, June 8, 1938 without having returned to his home and without communicating further with his wife or any of his family. The respondent Higgins was appointed administrator of his estate and has in his possession the bankbook of the account in dispute.

In 1922 Mildred B. Pickering first learned that her father-in-law, Olney L. Pickering, had previously deposited money in the said savings bank in her husband's name. In 1924 she informed him that she had received the above-mentioned letter from her husband from New York City, and he then turned over to her the bankbook in question with instructions to send it to his son. She thereupon wrote a letter to her husband at the New York address but she did not send the bankbook. This letter was returned undelivered and she never heard from her husband thereafter. She retained possession of the bankbook for about six months or more and then turned it over to Olney L. Pickering, at his request, in order to have interest credited thereon. This bankbook was not returned to her and apparently she never asked for it.

Olney L. Pickering died in February 1929, approximately ninety years of age. On January 1, 1928 he executed the following instrument:

"Jan 1 1928

Codcil to my Will

If my Son J Everett Pickering is not heard from in six years from this date the Jan 1 1928 the money on this book No 8536 deposited by Olney L Pickering in the Mechanics Saving Bank is to be devided equely between B Andrew Pickering Children

Namely . . .

(here follows a list of twelve named persons)

Signed    Olney L Pickering
Witness  James F. Sullivan
              Elsie R Cook
              8536

I leave this Bank Book No 8536 in care of Lucy A England"

The complainants herein are grandchildren of Olney L. Pickering, being the persons named in said instrument as beneficiaries. Lucy A. England is his daughter. No will of his was ever found, other than the above instrument, which was offered for probate in Woonsocket by the present complainants. This court held, however, that, under the circumstances, it could not be probated there. *Pickering* v. *Pickering,* 64 R. I. 112.

The complainants now contend that by the above instrument Olney L. Pickering created a trust for their benefit in the bank account in dispute, in the event that his son J. Everett Pickering was not heard from in six years from January 1, 1928, as was the fact, Lucy A. England being the named trustee; that on the date last mentioned Olney L. Pickering turned over to her the bankbook relating to said account; that he thereby intentionally divested himself of all control and ownership over the funds in said account; and that she held them thereafter as the *corpus* of the trust. The respondent Higgins, however, argues that the above instrument did not constitute a declaration of trust by Olney L. Pickering, and further maintains that the moneys in the account were the property of J. Everett Pickering at the time of his death.

The evidence in the cause was, probably by necessity, rather meager. Lucy England did not testify. The trial justice found, among other things, that the instrument dated January 1, 1928 was not a declaration of trust. Upon examination of said instrument, which was written in longhand and obviously was not prepared by an attorney, and upon consideration of the evidence relating thereto, we are of the opinion that the above finding was correct.

While the fact that the document was described as a codicil to a will is not conclusive as to its true character, nevertheless it throws some light on Olney L. Pickering's intent and purpose in its execution. To be a declaration of trust it must appear that such was the maker's intent. In our judgment, however, the instrument in question, and the

evidence relating thereto, show that Olney L. Pickering was attempting to make some sort of a testamentary disposition of the account, and not to set up a trust. The statement that the bankbook was being left in the care of Lucy England might well mean that said book was merely being left in her possession as custodian or for safekeeping, and not that she was being named thereby as trustee. In view of these conclusions, we are, therefore, of the opinion that the bill of complaint was properly dismissed and that the decree appealed from should, in that respect, be approved.

The decree, however, went further and contained a finding that all right, title and interest in and to the bank account in controversy was vested in the respondent Higgins as administrator of the estate of J. Everett Pickering. Considering the nature of the answer in this cause and considering the parties herein, we are of the opinion that it was not proper for the trial justice to include in the final decree the above finding in relation to the definite ownership of the bank account in question, and that to do so was error.

The cause was heard upon the respondents' second amended answer which, after admitting certain allegations of the bill of complaint and denying others, set out, in substance, that when the account in dispute was first opened by Olney L. Pickering he then intentionally made a present completed *inter vivos* gift of said account to his son J. Everett Pickering, who, up to his death, retained all right, title and interest therein. The answer further averred that, if the title to said account did not vest in J. Everett Pickering at that time but remained in Olney L. Pickering, the latter died intestate as to such account, and that an administrator of his estate would be the proper complainant and not the present complainants, who were not entitled to receive the account under the provisions of the instrument dated January 1, 1928. No affirmative relief was asked for by the respondents in said answer nor was there any reference whatever therein to the occasion in 1924 when Olney L. Picker-

ing turned over the bankbook of the account to the wife of J. Everett Pickering for delivery to the latter.

It is, however, this last-mentioned transaction upon which the trial justice based his finding in the final decree that all right, title and interest in and to the bank account in controversy was vested in the respondent Higgins as administrator of the estate of J. Everett Pickering. The trial justice in effect held that by the delivery of the bankbook to his son's wife, under the circumstances appearing in evidence, Olney L. Pickering intentionally completed the gift of the bank account to his said son and relinquished all dominion and control over the account, thereby preventing any dealing on his part with the account thereafter. The respondent Higgins apparently now relies almost entirely on this transaction of 1924 to show that his intestate had the title to such account at the time of his death.

It is clear, however, that if the complainants are not entitled to said account under the terms of the instrument executed by Olney L. Pickering on January 1, 1928, as has been decided herein, then the issue as to the ownership of such account necessarily lies between the respondent Higgins, as administrator as aforesaid, and those interested in the estate of Olney L. Pickering. The instant cause is not a bill of interpleader, nor does it contain any party who can properly represent the estate of Olney L. Pickering or his heirs at law. The present bill merely raises the question of whether or not complainants, as against the respondents, are entitled to the account in controversy. Having determined that they are not, it does not necessarily follow that the respondent Higgins has the full and complete title and interest in and to that account. Parties who would be essential to the decision of that issue are not before the court in this proceeding. It is our opinion, therefore, that the portion of the final decree, holding that the respondent Higgins, as administrator of the estate of J. Everett Pickering, is vested with all the right, title and interest in and to the bank account in controversy, should be struck out, and that

the final decree should merely provide that the bill of complaint is denied and dismissed.

The decree appealed from should be modified as indicated. Subject to such modification the complainants' appeal is denied and dismissed.

On March 10, 1943 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*John J. Mee, James H. Rickard,* for complainants.
*John R. Higgins,* for respondents.